UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REGINA SHOLINSKY,** on behalf of herself and all others similarly situated, | : : : No. 14- : |
| Plaintiff, | : : |
| v. | : : JURY TRIAL DEMANDED |
| **FROST-ARNETT COMPANY,** | : : |
| Defendant | : |

**CLASS ACTION COMPLAINT**

### I. INTRODUCTION

1. This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). These laws prohibit debt collectors from engaging in false, deceptive, misleading or unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Regina Sholinsky is an adult individual residing in New Jersey.

5. Defendant Frost-Arnett Company ("Frost-Arnett") is a Tennessee corporation with headquarters located at 480 James Robertson Parkway, Nashville, Tennessee 37219 and offices in Wixom, Michigan. Frost-Arnett regularly engages in the collection of consumer debt through the

use of the mails.  At all times material hereto, Frost-Arnett was a "debt collector" as that term is contemplated in section 1692a of the FDCPA.

### IV.     FACTUAL ALLEGATIONS

6.     On or about September 18, 2014, Defendant sent a collection letter to Plaintiff Sholinsky.   A redacted copy of the letter is attached hereto as Exhibit A.

7.     The letter was an attempt to collect a consumer debt, *i.e.*, a bill allegedly owed to Urology for Children.

8.     The letter was sent to Plaintiff in a transparent window envelope.  A redacted copy of the envelope that contained the letter is attached hereto as Exhibit B.

9.     Through the window of the envelope there is visible the account number of the alleged debt assigned to the consumer recipient.

10.    The FDCPA, at section 1692f(8), prohibits a debt collector such as Defendant from using unfair or unconscionable means to collect or attempt to collect a debt, specifically including "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

11.    Defendant has violated section 1692f(8) of the FDCPA as to the Plaintiff and the members of the Class hereinafter defined, by disclosing the account number assigned to consumers through the envelope window.  *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

12.    Defendant knew or should have known that its actions violated the FDCPA. Defendant could have taken steps necessary to bring its collection activity into compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## IV.    CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons with addresses within the jurisdiction of the United States Court of Appeals for the Third Circuit who, beginning one year prior to the filing of this Complaint through and including the final resolution of this case, were sent one or more letter(s) from Defendant attempting to collect a consumer debt which bore an account number visible through the window of the envelope.

14. The Class is so numerous that joinder of all members is impracticable. This Complaint concerns mass-produced form collection letters. Although only Defendant knows the precise number of Class members, Defendant regularly collects or attempts to collect debt from consumers through the mailing of collection letters using envelopes with windows.

15. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. The principal common questions include whether the Defendant violated the FDCPA by sending consumers envelopes that disclose account numbers relating to the consumers.

16. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

17. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unfair collection and unlawful business practices. Neither Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue this claim.

18. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying

adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

19. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

### V. CLAIMS

### Count One – FDCPA

20. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

21. Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" within the meaning of section 1692a(6) of the FDCPA.

23. Defendant's letter to the Plaintiff of September 18, 2014 is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

24. Defendant violated the FDCPA as to Plaintiff and the Class. Defendant's violations include, but are not limited to, violations of sections 1692f and 1692f(8) of the FDCPA, as evidenced by the following conduct:

    (a) using unfair and unconscionable collection practices in connection with the

4

collection of a debt, in violation of section 1692f; and,

   (b) Using any language or symbol on envelopes mailed to consumers that revealed information other than the debt collector's address, in violation of section 1692f(8).

 25. Defendant's actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's and the Class's rights under the law and with the purpose of coercing Plaintiff and members of the Class to pay alleged debt.

 26. As a result of the violations of the FDCPA, Defendant is liable to the Plaintiff and members of the Class for actual damages, statutory damages, costs and attorney's fees.

### VII. JURY TRIAL DEMAND

 27. Plaintiff demands trial by jury as to all issues so triable.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

 (a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

 (b) That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

 (c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

 (d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

  (e)  That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated: December 19, 2014  BY: <u>/s/ Mark D. Mailman</u>
                Mark D. Mailman
                James A. Francis
                David A. Searles
                Land Title Building, 19th Floor
                100 South Broad Street
                Philadelphia, PA 19110
                (215) 735-8600

*Attorneys for Plaintiff and the Class*